*Lin v. Sessions*

BIA
Loprest, IJ
A205 636 069

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of May, two thousand eighteen.

PRESENT:
> RALPH K. WINTER,
> JOSÉ A. CABRANES,
> SUSAN L. CARNEY,
> > *Circuit Judges.*

_____

JIAN LIN,
> *Petitioner,*

      v.                        17-155
                                   NAC

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

**FOR PETITIONER:**        Cora J. Chang, New York, NY.

**FOR RESPONDENT:**      Chad A. Readler, Acting Assistant
                              Attorney General; Anthony P.
                              Nicastro, Assistant Director; S.
                              Nicole Nardone, Trial Attorney,
                              Office of Immigration Litigation,

United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jian Lin, a native and citizen of the People's Republic of China, seeks review of a December 28, 2016, decision of the BIA affirming a December 2, 2015, decision of an Immigration Judge ("IJ") denying Lin's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jian Lin,* No. A 205 636 069 (B.I.A. Dec. 28, 2016), *aff'g* No. A 205 636 069 (Immig. Ct. N.Y. City Dec. 2, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See*

8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

## I. Adverse Credibility

The agency may, "[c]onsidering the totality of the circumstances," base an adverse credibility ruling on an applicant's "demeanor, candor, or responsiveness," the consistency between the applicant's oral and written statements and other evidence of record, "or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167.

Substantial evidence supports the agency's determination that Lin's testimony regarding the events in China was not credible. The agency reasonably relied on two omissions related to the alleged raid of Lin's underground church. *Xiu Xia Lin*, 534 F.3d at 166-67 & n.3 ("An inconsistency and an omission are . . . functionally equivalent" for credibility purposes). Lin testified repeatedly that the church was physically destroyed during the raid, but his application mentioned a raid, but not any damage to the church. Lin's

3

explanation that he learned of the raid from a friend does not resolve the omission because the same friend allegedly told him the church had been destroyed. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (quotation marks omitted)). Further, the letter from Lin's mother—the only evidence corroborating the events in China—does not mention the church raid at all, despite Lin testifying that his mother was aware of it. *See Xiu Xia Lin*, 534 F.3d at 167 (upholding agency's reliance on omissions in letters from applicant's parent and friend).

The adverse credibility ruling is bolstered both by the agency's demeanor finding and the lack of corroborating evidence. The record reflects Lin's long pauses and difficulty answering questions. *See* 8 U.S.C. § 1158(b)(1)(B)(iii) (adverse credibility ruling may be based on "demeanor, candor, or responsiveness"); *Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006) (granting particular deference to credibility findings based on an

4

applicant's demeanor).  Lin's corroborating evidence did not rehabilitate his claim because, as noted above, his mother's letter omitted the church raid, and because he did not obtain letters from the uncle he lived with while in hiding or the church friend who informed him of the raid.  *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his . . . testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question.").  The agency was not compelled to accept Lin's explanation that he was afraid his uncle would get in trouble because Lin could not explain why his uncle would face greater danger than his mother.  *See* 8 U.S.C. § 1252(b)(4) ("No court shall reverse a determination made by a trier of fact with respect to the availability of corroborating evidence . . . unless . . . a reasonable trier of fact is compelled to conclude that such corroborating evidence is unavailable."); *Majidi*, 430 F.3d at 80.

**II.  Well-founded Fear**

Absent a credible claim of past persecution, Lin had the burden to establish an objectively reasonable well-founded

fear of persecution based on his practice of Christianity in the United States. *See* 8 C.F.R. § 1208.13(b)(1), (2)(iii); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004); *see also Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005) (holding that "[i]n the absence of solid support in the record," an asylum applicant's fear of persecution is "speculative at best"). Accordingly, Lin had to show either (1) a reasonable possibility that he "would be singled out individually for persecution" or (2) "a pattern or practice . . . of persecution of a group of persons similarly situated to [him]." *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 142 (2d Cir. 2008) (quotation marks and citation omitted); *see* 8 C.F.R. § 1208.13(b)(2)(iii). A pattern or practice of persecution is the "systemic or pervasive" persecution of a group. *In re A-M-*, 23 I. & N. Dec. 737, 741 (B.I.A. 2005); *see Santoso v. Holder*, 580 F.3d 110, 111-12 & n.1 (2d Cir. 2009).

The agency reasonably concluded that Lin did not show that the Chinese government was aware or likely to become aware of his Christianity and to target him on this basis. *Hongsheng Leng*, 528 F.3d at 143. The letter from Lin's mother

was properly discounted because it was authored by an interested witness who was not available for cross examination, and the agency reasonably concluded that any fear of harm based on Lin's online activity was speculative. *See Y.C. v. Holder*, 741 F.3d 325, 334, 337 (2d Cir. 2013). The agency considered the State Department's reports and acknowledged that some Christians, especially underground church leaders, are subject to arrest, detention, and other serious harm. However, given the evidence of variation in treatment of Christians across provinces, the large number of Christians who remain unharmed, and the government's policy of allowing friends and family to worship together without registering, the agency reasonably concluded that Lin did not establish "systemic or pervasive" persecution of Christians who were similarly situated to him. *See Santoso*, 580 F.3d at 111-12.

Because Lin did not meet his burden of proof for asylum, he necessarily failed to meet the higher burdens for withholding of removal and CAT relief, given that all three claims were based on the same factual predicate. *See Lecaj v. Holder*, 616 F.3d 111, 119-20 (2d Cir. 2010).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court